The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Plaintiff James Reynolds November 5, 1999 motion to the Full Commission to receive further evidence must be, and hereby is, DENIED.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of this matter.
2. All parties have been correctly designated and there is no question as to misjoinder or non joinder of parties.
3. James Scott Reynolds died on March 27, 1997 as a result of a work-related accident while working for Cumberland Turf in Fayetteville, North Carolina.
4. On the date of his death, the employee and the employer were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
5. On March 27, 1997, an employment relationship existed between James Scott Reynolds and Cumberland Turf.
6. The correct name of the insurance carrier is CNA Insurance.
7. Both plaintiffs in this matter, the widow of James Scott Reynolds and the father of James Scott Reynolds, are seeking benefits provided for by N.C. Gen. Stat. 97-38.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner, with modifications, as follows:
 FINDINGS OF FACT
1. The decedent and Doreen Schmidt Reynolds lived together for about two years prior to marriage. They married on April 17, 1993. They then lived together as husband and wife until August 29, 1994, when they separated.
2. During their time together, the decedent sometimes smoked marijuana with Doreen Schmidt Reynolds. However, he later started using other drugs, including crack cocaine, of which Doreen Schmidt Reynolds disapproved. Decedents ongoing drug use became a serious concern to Doreen Schmidt Reynolds, whose three daughters were living with them.
3. In addition to his drug use, decedent became verbally and physically abusive of Doreen Schmidt Reynolds. There were many instances when decedent was abusive which Doreen Schmidt Reynolds kept private because she was embarrassed by decedents behavior.
4. On or about July 14, 1994, decedent struck Doreen Schmidt Reynolds in the face, cutting her mouth and lip so severely that she sought medical treatment at the emergency room at Cape Fear Valley Medical Center. The laceration in her mouth required fourteen sutures. She did not report to the emergency room staff how she sustained the injuries, but the staff referred her to a domestic violence center for counseling.
5. On the late afternoon of August 28, 1994, decedent demanded money from Doreen Schmidt Reynolds. Decedent made verbal threats to her that if she did not get him some money by the next day, decedent would knock Doreen Schmidt Reynolds teeth out and break her legs, and that he would also harm her children. The next day, out of fear for the safety of herself and her children, Doreen Schmidt Reynolds moved out of the family home. She filed a complaint and motion for a protective order in the Cumberland County District Court that day.
6. After they separated, Doreen Schmidt Reynolds encouraged decedent to attend substance abuse counseling. She believed their problems were caused primarily by decedents drug abuse, and was willing to consider reconciliation if he got such counseling. She discussed this with decedent on more than one occasion. However, he did not seek counseling and the two never reconciled.
7. At the time of decedents death, although they were still married, Doreen Schmidt Reynolds had separated from decedent and was living apart from him for justifiable cause.
8. Both Doreen Schmidt Reynolds and decedent subsequently lived with other people. At the time of decedents death, Doreen Schmidt Reynolds had been living with Mike Kutner for about a year. Decedent had been living with Francis Sargeant for about two and one-half years.
9. Doreen Schmidt Reynolds made no contribution to the funeral bills incurred for James Scott Reynolds. All funeral expenses were paid by his father, James Reynolds, who is entitled to reimbursement of the same.
10. The parties submitted a Form 22 showing that James Reynolds had an average weekly wage of $365.65
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On March 27, 1997, James Scott Reynolds sustained a compensable injury by accident arising out of and in the course of his employment with defendant, which resulted in his death. N.C. Gen. Stat. 97-38.
2. At the time of his death, James Scott Reynolds was survived by Doreen Schmidt Reynolds. "Widow, as defined in N.C. Gen. Stat.97-2(14) "includes only the decedents wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time. (Emphasis added). In this case, the two were still legally married and Doreen Schmidt Reynolds Reynolds was living apart for justifiable cause. Rogers v. University Motor Inn, 103 N.C. App. 456,405 S.E.2d 770 (1991). Under these circumstances, Doreen Schmidt Reynolds Reynolds qualifies as a "widow under the statute.
3. As the widow of James Scott Reynolds, Doreen Schmidt Reynolds is conclusively presumed to be wholly dependent upon him for support. N.C. Gen. Stat. 97-39. Therefore, she is entitled to benefits for 400 weeks of compensation at a rate of $243.78 per week, beginning March 27, 1997. N.C. Gen. Stat. 97-38.
4. James Reynolds, the father of the decedent, paid all funeral and burial expenses and is entitled to reimbursement up to $2,000 pursuant to N.C. Gen. Stat. 97-38.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay compensation at the rate of $243.78 per week to Doreen Schmidt Reynolds for 400 weeks beginning March 27, 1997. Compensation that has accrued shall be paid in a lump sum, subject to the attorneys fee awarded below.
2. Defendants shall pay the amount of $2,000 to James Reynolds for the burial expenses he has paid.
3. A reasonable attorneys fee of twenty-five percent of the compensation awarded to Doreen Schmidt Reynolds in paragraph one is approved for attorney William Aycock and shall be paid as follows: Twenty-five percent of the accrued compensation, plus every fourth check thereafter shall be paid directly to attorney William Aycock.
This the ___ day of May 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/______________ RENE C. RIGGSBEE COMMISSIONER